# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LOPEZ, DANIELA GAMBOA and JAQUELINE DROSSO, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 15-2468-STA-dkv |
| SHELBY COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FEDERAL CLAIMS
## AND
## REMANDING STATE LAW CLAIMS TO CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

Plaintiffs William Lopez, Daniela Gamboa, and Jaqueline Drossio filed a Complaint in the Circuit Court of Shelby County, Tennessee, on June 16, 2015, alleging both state law claims of negligence and federal law claims under 42 U.S.C. § 1983 as a result of injuries they received when their car was hit by a fleeing suspect during a high speed chase. (ECF No. 1-1.) The action was removed to this Court by Defendant "State of Tennessee County of Shelby, Shelby County Sheriff's Department" ("Shelby County") on July 14, 2015. (ECF No. 1.)[1]

---

[1] Also named as Defendants are Montavius Martin, the fleeing suspect, and Latoya

On July 21, 2015, Defendant Shelby County filed a Motion to Dismiss. (ECF No. 7.) As grounds, Defendant contends that (1) Shelby County Sherriff's Office is not an entity that is capable of being sued, (2) Defendant was not properly served, (3) Plaintiffs have failed to state a claim under 42 U.S.C. § 1983, and (4) Defendant retains sovereign immunity for its actions under Tenn. Code Ann. §§ 29-20-201 *et seq*. Plaintiffs have filed a response to the motion (ECF No. 19), and Defendant has filed a reply to the response. (ECF No. 20.) For the reasons set forth below, the motion is **GRANTED** as to Plaintiffs' federal laws, and the state law claims are **REMANDED** to the Circuit Court of Shelby County.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action ...."[4] "Merely pleading facts that are consistent with a defendant's liability or that permit the

---

Wright, the owner of the vehicle that Martin was driving. (Cmplt, pp. 2-3, ECF No. 1-1.)

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Id.* (citing *Twombly*, 550 U.S. at 556).

[4] *League of Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555–56).

court to infer misconduct is insufficient to constitute a plausible claim."[5] While plausibility requires relief to be more than speculative, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely."[6]

In considering a motion to dismiss under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepts the allegations as true, and draws all reasonable inferences in favor of the plaintiff.[7] "A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient."[8] Instead, "to state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."[9]

---

[5] *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

[6] *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

[7] *KSR Int'l Co. v. Delphi Auto. Sys.*, No. 12–2063, 2013 WL 1749336, at *1 (6th Cir. Apr. 23, 2013) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

[8] *Handy–Clay v. City of Memphis*, No. 10–2927–STA–tmp, 2013 WL 2948442 at *4 (W.D. Tenn. June 14, 2013) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted); *see also Infection Prevention Techs. v. UVAS, LLC*, No. 10–cv–12371, 2011 WL 4360007 at *24 (S.D. Mich. July 25, 2011) report and recommendation adopted, No. 10–12371, 2011 WL 4360091 (E.D. Mich. Sept. 19, 2011) ("[Plaintiff] asserts that Defendants' 'actions were in bad faith, willful, wanton.' But these statements are pure legal conclusions insufficient to state a claim upon which relief may be granted.").

[9] *Boland v. Holder*, 682 F.3d 531, 534–35 (6th Cir. 2012) (quoting *Bredesen*, 500 F.3d at 527) (internal quotation marks omitted).

Although Plaintiff sued "State of Tennessee County of Shelby, Shelby County Sheriff's Department," the parties agree that Shelby County is the proper defendant. Therefore, the portion of Defendant's motion seeking to dismiss the Shelby County Sheriff's Department as a defendant is **DENIED**. The Clerk of the Court is **DIRECTED** to correct the docket to identify Defendant as "Shelby County, Tennessee," rather than "Shelby County Sheriff's Dept., Shelby County, Tennessee."

Plaintiffs allege as follows: On June 17, 2014, at approximately 10:16 a.m., Officers of the Shelby County Sheriff's Office Fugitive Apprehension Team pursued Defendant Martin, who they believed had outstanding felony warrants, in an attempt to apprehend him. (Cmplt, para. 6, 35, ECF No. 1-1.) To elude officers, Defendant Martin fled southbound on Goodlett Road. (*Id.*, para. 7.) Plaintiff Lopez, who was traveling northbound on Goodlett Road, was waiting for the traffic signal to change at the intersection of Goodlett Road and Chuck Road when Defendant Martin's vehicle approached the intersection at a speed above the posted speed limit with Shelby County Officers in "hot pursuit." (*Id.*, para. 8 & 10.) Defendant Martin slammed into the side of Plaintiff Lopez's vehicle causing Plaintiff's vehicle to careen off the roadway. The vehicle came to a stop after it struck a school speed limit sign. (*Id.*, para. 11.) The incident allegedly resulted in multiple injuries to Plaintiff Lopez and his passengers, Daniela Gamboa and Jaqueline Drossio. (*Id.*)

Plaintiffs have brought their federal claims under 42 U.S.C. § 1983 which provides that:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Plaintiffs allege that the actions of Defendant Shelby County's officers in engaging in a high speed chase with Defendant Martin during the daytime in a residential/school area violated their substantive due process rights under the Fourteenth Amendment. (*Id.*, para. 28, 29; Response, p. 8, ECF No. 19-1.) Plaintiffs contend that the chase served "no legitimate governmental purpose" because Defendant Martin did not have any outstanding felony warrants, even though the Shelby County officers believed that he did. (Cmplt, para. 30, ECF No. 1-1); Response, p. 8, ECF No. 19-1.) They further contend that the officers "acted arbitrarily and with deliberate indifference to the health, safety, personal security, and property of third persons, including and, in particular, Plaintiffs." (Cmplt, para. 35, ECF No. 1-1.) Finally, Plaintiffs contend that Defendant Shelby County failed to properly train and supervise its officers regarding high speed chases. (*Id.*, para. 40.)

In its motion, Defendant argues that Plaintiffs' claim under § 1983 fails because Plaintiffs have not met the standard set forth by the Supreme Court in *County of Sacramento v. Lewis*[10] for a substantive due process claim based on injuries suffered by

---

[10] 523 U.S. 833 (1998). The *Lewis***Error! Main Document Only.** Court reviewed the actions of an officer who conducted a high-speed chase of two boys on a motorcycle who had failed to obey the officer's command to stop. The chase ended in a crash that resulted in the death of the motorcycle passenger. The passenger's parents filed suit under § 1983, claiming

an innocent bystander during a high speed chase.[11] In *Lewis*, the Supreme Court held that a local government could not be sued in federal court for an unintentional injury under § 1983.[12] Instead, constitutional claims asserted by innocent persons collaterally injured by official conduct are adjudged according to a substantive due process analysis and, thus, the actions of the local official must "shock the contemporary conscience" to create a federal cause of action.[13] Therefore, "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983."[14] As noted in *Steen v. Myers*,[15]

---

that their son's substantive due process right to life had been violated. *Id.* at 836-37.

[11] The Due Process Clause of the Fourteenth Amendment prohibits state actors from subjecting citizens to arbitrary government action. *See Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). A due process violation results when a state actor engages in arbitrary conduct so egregious that it "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952).

[12] *Id.* at 853-54.

[13] *Id.*

[14] *Id.* at 854. The *Lewis* Court reached its decision despite the fact that there was evidence that, in continuing the police chase, the officer had violated several intra-department guidelines regarding chases, such as engaging in a high-speed chase to apprehend a suspect of a relatively minor crime. *Id.* at 838–39. *See also* **Error! Main Document Only.***Helseth v. Burch*, 258 F.3d 867 (8th Cir. 2001) (en banc) ("Since *Lewis*, all other circuits that have examined the issue have applied the intent-to-harm standard in high-speed police pursuits cases, without regard to … the length of the pursuit, the officer's training and experience, the severity of the suspect's misconduct, or the perceived danger to the public in continuing the pursuit. [citing cases] We now join those circuits and … hold that the intent-to-harm standard of *Lewis* applies to all § 1983 substantive due process claims based upon the conduct of public officials engaged in a high-speed automobile chase aimed at apprehending a suspected offender.").

[15] 486 F.3d 1017 (7th Cir. 2007). The *Steen* court explained that, although there "might be questions on this record as to whether [the officer] was negligent, reckless, or even deliberately indifferent to the safety of [the bystanders] … under the standard set forth in *Lewis* those questions are reserved to the state courts and the law of tort." *Id.* at 1025. *See also* **Error! Main Document Only.***Davis v. Township of Hillside*, 190 F.3d 167, 171 (3d Cir. 1999) ("*Lewis* does not permit an inference of intent to harm simply because a chase eventuates in deliberate physical contact causing injury. Rather, it is 'conduct intended to injure in some way unjustifiable by any government interest [that] is the sort of official action most likely to rise to

"The Supreme Court has set the bar awfully high in pursuing a Fourteenth Amendment claim that arises out of a police chase."

The Sixth Circuit Court of Appeals applied *Lewis* in *Meals v. City of Memphis*.[16] In *Meals,* an officer conducted a high-speed chase of a vehicle that had exceeded the speed limit without turning on her car's blue lights or siren and without obtaining authority from a supervisor to continue the chase, both of which were violations of departmental policy. It was also a violation of departmental policy to continue chasing someone suspected only of a traffic violation or misdemeanor.[17] The driver of the fleeing vehicle eventually collided with another car, killing two of its occupants and severely injuring another occupant. The district court denied the officer's motion for summary judgment because it found that a jury could find that the officer's conduct, which violated many departmental regulations, shocked the conscience.[18] The Court of Appeals reversed, finding that there was no evidence of intent on the officer's part to harm the fleeing suspect or to worsen his legal plight.[19] The Court rejected the argument that the officer's multiple violations of departmental policy raised a question of fact from which a jury could infer malice on the officer's part.[20]

---

the conscience-shocking level.'").

[16] 493 F.3d 720 (6th Cir. 2007).

[17] *Id.* at 723-24.

[18] *Id.* at 726.

[19] *Id.* at 730-31. The Court of Appeals pointed out that, if the Plaintiff had claimed that the officer acted intentionally, the City would have been entitled to summary judgment on the state law negligence claim. *Id.* at 730.

[20] *Id.*

The Sixth Circuit again addressed the issue of § 1983 liability resulting from a high speed chase in *Jones v. Byrnes*.[21] In *Byrnes*, officers pursued a vehicle whose occupants were suspected of armed robbery.[22] At some point during the pursuit, the fleeing driver extinguished his headlamps in an attempt to evade the officers, and he eventually collided with an oncoming car, killing the other driver.[23] The Sixth Circuit rejected the estate's § 1983 claim, concluding that "the estate has not produced any evidence that [the officers] were acting with any intent to harm the suspects instead of trying to apprehend what they reasonably believed to be dangerous criminals."[24]

Although *Brynes* and *Meals* were decided on summary judgment, courts have used the *Lewis* analysis in deciding motions to dismiss. In *Jones v. City of Memphis*,[25] a case decided by another judge in this District, the Court was presented with a factual scenario similar to the one in this case. The *Jones* plaintiffs were shopping at a discount store when they were injured by a car driven by a suspect being pursued by police officers through the store parking lot.[26] In granting the Defendants' Motion to Dismiss, the Court explained as follows:

> The Plaintiffs have alleged in their complaint that their injuries occurred as a result of a "high speed chase" through a store parking lot by the Defendant officers, clearly bringing their claims under the *Lewis* paradigm. The complaint in this action does not allege that the MPD officers acted

---

[21] 585 F.3d 971 (6th Cir. 2009).

[22] *Id.* at 973.

[23] *Id.*

[24] *Id.* at 978.

[25] 2007 WL 2351591 (W.D. Tenn. Aug. 14, 2007).

[26] *Id.* at *1.

8

with intent to harm the Plaintiffs, but instead couches the alleged wrongs in terms of negligence, gross negligence and deliberate indifference, which are not sufficient to establish liability under the Fourteenth Amendment. *See* [*Meals*, 493 F.3d at 730 n. 8] (rejecting application of the deliberate indifference standard, noting that the "intent-to-harm standard of *Lewis* applies to all § 1983 substantive due process claims based upon the conduct of public officials engaged in a high-speed automobile chase aimed at apprehending a suspected offender, regardless of whether the chase conditions arguably afforded pursuing officers time to deliberate"). Thus, taking their allegations as true, the Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief under § 1983. *See Grindstaff* [*v. Green*, 133 F.3d 416, 421 (6th Cir. 2009)]. Because the charged conduct by the Defendant officers did not inflict a constitutional deprivation on the Plaintiffs, neither can the City be held liable for any alleged failure to train, supervise or discipline those officers. *See* [*Meals*, 493 F.3d at 730] (because officer did not violate the plaintiffs' constitutional rights, there was no basis for holding the city liable for his conduct); *Claybrook* [*v. Birchwell*, 199 F.3d 350, 361 (6th Cir. 2007)] (because no constitutional violation occurred, municipality could not be held liable for failing to train or supervise defendant officers pursuant to § 1983). As a consequence, the motions to dismiss the Plaintiffs' § 1983 claims against the City and its officers are GRANTED.[27]

*Sidi v. City of Cincinnati*[28] involved a high-speed law enforcement chase in which two innocent bystanders were killed. The *Sidi* court granted the motion to dismiss the § 1983 claims brought by the individual officers, finding as follows:

While *Meals* was decided on summary judgment rather than a motion to dismiss, the Court finds it instructive and persuasive here. The facts identified by Plaintiffs to support their claim are strikingly similar to those in *Meals*. Specifically, Plaintiffs support their Fourteenth Amendment claim with allegations that Defendants violated the pursuit policy while engaging in a high-speed pursuit. … They also point to allegations that the pursuit occurred in mixed residential and commercial areas and lasted for eight minutes. … As in *Meals*, none of these facts, or any other facts in the Second Amended Complaint, plausibly suggest any intent by the officers to intentionally cause Gerth's vehicle to crash, to intentionally cause harm to

---

[27] 2007 WL 2351591 at *3.

[28] 2014 WL 1276195 (S.D. Ohio March 27, 2014).

> Gerth, or to intentionally cause harm to any innocent bystanders. …[T]he Court cannot reasonably infer that the conduct of any of the Defendants plausibly suggests the type of intent to harm that is necessary [to] sustain a claim based upon a due process violation.[29]

The court also dismissed the § 1983 claims against the City of Cincinnati because, when "no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983."[30]

"[T]he nature of high-speed pursuits - their ever evolving nature, the number of contingencies, the scant information available, the high pressure environment, the absence of hindsight or second chances, and the abbreviated time period in which to make decisions"[31] requires that the plaintiff plead intent on the part of the officer in order to meet the "shock the conscience" requirement of a substantive due process claim. In the present case, Plaintiffs have not done so. Plaintiffs have not alleged any intent by the officers to cause the vehicle driven by Defendant Martin to crash into Plaintiff Lopez's vehicle nor have they alleged that the officers intentionally caused harm to Plaintiffs. As in *Sidi*, this Court "cannot reasonably infer that the conduct of any of the Defendants plausibly suggests the type of intent to harm that is necessary to sustain a claim based upon a due process violation" despite the fact that the chase occurred in a residential/school area during the morning and that the fleeing suspect, Defendant Martin, did not actually have any outstanding felony warrants.[32]

---

[29] *Id.* at *4.

[30] *Id.* at *4-5.

[31] *Epps v. Lauderdale County*, 2002 WL 1869434 *2 (6th Cir. Aug. 13, 2000).

[32] *Id.*

10

Not only have Plaintiffs failed to state a claim under § 1983 for a substantive due process violation based on the officers' conduct during the chase, they have also failed to state a § 1983 claim based on Defendant Shelby County's alleged failure to properly train and supervise its officers. Because the conduct by the officers did not inflict a constitutional deprivation on the Plaintiffs, neither can Shelby County be held liable for any alleged failure to train, supervise or discipline those officers.[33]

Accepting Plaintiffs' factual allegations as true for the purpose of deciding this motion and making all reasonable inferences in favor of Plaintiffs, the Court finds that Plaintiffs have not adequately pled a substantive due process claim, and therefore, have not stated a claim under § 1983. Accordingly, the portion of Defendant Shelby County's Motion to Dismiss Plaintiffs' § 1983 claim is **GRANTED**.

The Court must now consider whether it may maintain jurisdiction over the only remaining state law claims in this case.[34] Federal courts have jurisdiction over the subject matter of a case when there is either diversity jurisdiction or a federal question.[35] With the dismissal of the federal law claims, the Court can only retain jurisdiction over

---

[33] *See Meals*, 493 F.3d at 730 (if officer did not violate the plaintiffs' constitutional rights, there is no basis for holding the city liable for his conduct); *see also Claybrook*, 199 F.3d at 361 (no constitutional violation occurred; therefore, municipality could not be held liable for failing to train or supervise officers).

[34] *See Meals v. City of Memphis*, 2008 WL 701583 (W.D. Tenn. March 13, 2008) (on remand) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.")).

[35] Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution or by statute. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

this case if there is diversity among the parties. Diversity jurisdiction is present when a controversy exists between citizens of different states and an amount of at least $75,000 is at stake.[36]

It is well-established that diversity jurisdiction is only proper if all plaintiffs are citizens of different states from all defendants.[37] Plaintiffs in this case are residents of Tennessee[38] and are thus citizens of Tennessee for diversity purposes.[39] As a political subdivision of the state of Tennessee, Shelby County is also a citizen of Tennessee for diversity purposes. Because Plaintiffs and one of the Defendants are citizens of Tennessee, this Court cannot maintain jurisdiction over the remaining claims in this case.

Accordingly, Plaintiffs' federal law claims against Shelby County are **DISMISSED** with prejudice, and their state law claims against Shelby County and Defendants Martin and Wright are **REMANDED** to the Circuit Court of Shelby County, Tennessee.[40]

**IT IS SO ORDERED.**

                                                    **s/ S. Thomas Anderson**
                                                    S. THOMAS ANDERSON
                                                    UNITED STATES DISTRICT JUDGE

---

[36] 28 U.S.C. § 1332(a).

[37] *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806).

[38] (Cmplt, para. 1, ECF No. 1-1.)

[39] *Moor v. Alameda County*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the state,' is a citizen of the State for diversity jurisdiction purposes.")

[40] Because the state law claims are being remanded, the Court **DENIES** without prejudice the portion of Defendant's motion seeking to dismiss the action for insufficient service of process.

Date: January 6, 2016.